National Fire Insurance Co. *v.* Sayers.

*Conversion—Automobile—Evidence—Pleading in former action inadmissible, when—Depositions—Refusal to send to jury room not reviewable, when.*

1. A petition signed by plaintiff, purchaser of an automobile, in an action against the vendor of such machine to recover its value on the ground that the vendor had no title to the car and no right to sell it, which action was dismissed without trial, cannot be introduced in evidence by a defendant insurance company in a subsequent action by the same plaintiff for damages for wrongful conversion, for the purpose of establishing the fact that the plaintiff admitted the vendor had no title in the car, the issue being whether the car in question was a stolen car.

2. The refusal of the trial court to send, upon request, a deposition to the jury room will not be reviewed on error by this court without having before it any reason for such refusal, the record showing that the facts sought to be

placed before the jury by such deposition were contained in an exhibit which was in the possession of the jury.

(Decided May 15, 1922.)

ERROR: Court of Appeals for Butler county.

*Messrs. Griffin & Haines,* for plaintiff in error.
*Mr. Harry S. Wonnell,* for defendant in error.

CUSHING, J. In July, 1918, Elzie Sayers purchased from Fred Graf, acting for the Graf Motor Car Company, a Buick D-44 roadster, for which he paid the sum of $950. He resided with his father on a farm near College Corner. He used the automobile from that time until February 11, 1919. On that day, L. L. Sanders and a man named Gross came to his home and stated that they had evidence that the automobile was a stolen car. They asked him to drive the machine to Hamilton, where they would establish to his satisfaction, and the satisfaction of the Graf Motor Car Company, that it had been stolen. On reaching Hamilton, after dark, there was a few minutes delay in getting in touch with Mr. Fred Graf. Before Graf arrived Sanders and Gross took the automobile, gave Sayers five dollars to pay his expenses home, and started for Cincinnati.

The record does not disclose what became of the automobile from that time until November, 1919, when the machine was taken to Earl W. Wagner in Cincinnati and sold to him for $525.

The petition claims that the defendant, the National Fire Insurance Company of Hartford, converted the machine to its use, and this action was instituted to recover the value of the machine.

400    OHIO APPELLATE REPORTS.

Natl. Fire Ins. Co. *v*. Sayers.    [16 Ohio

The company's answer admits that it took possession of the automobile, and avers that it took it with full knowledge and consent of the plaintiff, and, further, denies each and every other allegation in plaintiff's petition.

The reply was a general denial.

The record discloses that William H. Kirven received the machine in question on a trade while he was at a training camp at Jacksonville, Florida, on March 7, 1918; that he drove it to his home in Hamilton, Ohio, and when called to war sold it to the Graf Motor Car Company, who in turn sold it to plaintiff.

The record discloses that on March 12, 1919, a Buick Roadster was stolen from a man by the name of Ross, or the Gillispie Automobile Company, in Louisville, Kentucky. The company claims the automobile in question was the stolen car, that the frame number, of the D-44 Model, was 306,185, and the body number 16,163.

In November, 1919, Harry B. Compton was requested to make an examination of an automobile presented to him on Seventh street, in Cincinnati. He found the frame number of that machine was 155,545. He offered to examine the machine further to ascertain the number of the engine, rear axle, generator, etc., but was told that it was not necessary.

The question for the determination of the jury was whether or not the automobile that Sayers purchased from the Graf Motor Car Company had been stolen in Louisville, on March 12, 1919.

It seems to be conceded that the body number 16,163 was the body number of the car in the possession of Sayers, and if that was the same machine

examined by Compton in November, it no doubt had the same body number. How this number was placed on the machine is not disclosed by the evidence.

With reference to the frame number, there is testimony in the record to the effect that it was on a plate attached to the frame by rivets. Compton's testimony is that the frame number 155,545 was in a lower position on the frame than on other cars of the make.

The record is that prior to bringing this action Sayers brought an action in the court of common pleas of Butler county to recover the value of the machine from the Graf Motor Car Company. That action was not tried. It was dismissed. At the trial of this cause, the insurance company offered in evidence the petition signed by Sayers in the case against the motor company for the purpose of establishing that he admitted that the Graf Motor Car Company did not have the title to the car and a right to sell it to him. This, the court excluded. One of the grounds of error is predicated on that refusal. The petition cannot be said to be an admission of Sayers that he knew that the machine had been stolen. The question in this case was as to whether or not the automobile that he had was the stolen machine, and the fact that he was seeking to recover money paid to the Graf Motor Car Company does not tend in any degree to establish the theft of the automobile. The court was not in error in excluding that evidence.

The only question of law for consideration here is the refusal of the court, at the request of defendant, to send to the jury room the deposition of Eva McWethey. That deposition contained testimony

that the record of the Buick factory at Flint, Michigan, disclosed that the car with body number 16,163 had frame number 306,185.

It is claimed that without this deposition, the jury could not carry in their minds all of the numbers involved.

There were a number of witnesses who testified to these numbers.

Exhibit No. 11, offered by the defendant, the bill of sale of the car by the insurance company to Wagner, contained the same numbers, and this no doubt was in the possession of the jury.

Since the decision in the case of *Stites* v. *Admr. of McKibben,* 2 Ohio St., 588, it has been the practice in the courts of Ohio to send to the jury room depositions read in evidence, unless the deposition contains incompetent evidence which was ruled out. In such case it is within the discretion of the court to refuse to send the deposition to the jury.

As stated by Justice Ranney in *Stites* v. *McKibben,* at page 592:

"The reason of the refusal in this case is not stated; and when it is not, we are at liberty to assume any state of case that might have justified the action of the court."

On the same page it is stated:

"Whether it is not purely a question of practice, within the discretion of the court, as cannot be reviewed on error, it is not necessary now to determine, but we assume that it may be."

In the case at bar the jury were asked to make findings on special interrogatories:

"(1) Was the D-44 Buick roadster delivered to G. C. Ross at Louisville, Ky., on or about April 14, 1917, and the D-44 Buick roadster recovered

from the plaintiff on or about February 11, 1919, one and the same roadster?  A.  No.

"(2)  Was the D-44 Buick roadster with body No. 16163 stolen at Louisville, Ky., on or about the 12th day of March, 1918?  A.  No."

Following the decision in the case of *Stites* v. *McKibben, supra,* and without having before us any reason for the refusal to send the deposition to the jury room, and in view of the record, the judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.